## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DOUGLAS GARREN,**

       **Plaintiff,**                 **CIVIL ACTION NO. 15-11641**

      **v.**                      **DISTRICT JUDGE LAURIE J. MICHELSON**

**MAHIR ALSALMAN, M.D., et al.**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Douglas Garren, currently in the custody of the Michigan Department of Corrections ("MDOC") and housed at the Cooper Street Correctional Facility in Jackson, Michigan, filed this matter pursuant to 42 U.S.C. § 1983 against Defendants, CORIZON HEALTH, INC. ("Corizon"), MAHIR ALSALMAN, M.D. ("Alsalman"), and NICHOLAS L. SPRINGSTEAD, P.A. ("Springstead"), alleging that they violated his Eighth Amendment Rights based on the medical care he was provided for chronic back pain. (Docket no. 1 at 4.) Plaintiff has named each defendant in both their official and individual capacities. (Docket no. 1 at 1.)

Before the Court are Defendants' Motions to Dismiss. (Dockets nos. 15 and 18.)[1]

---

[1] Two motions to dismiss were filed in conjunction on behalf of Mahir Alsalman, M.D. The motion to dismiss filed by Chapman Law Group included all defendants, but limited Defendant Alsalman to acts on or after April 6, 2015. (Docket no. 15) The motion to dismiss filed by Johnson & Wyngaarden, P.C., was specifically to dismiss Plaintiff's claims against Defendant Alsalman between October 17, 2014, and April 5, 2015. (Docket no. 18). Attorneys at Johnson & Wyngaarden assert that much of Chapman Law Group's brief applies just as forcefully to any acts between October 7, 2014, through April 5, 2015, by Defendant Alsalman. (Docket no. 18) Therefore, the undersigned will recommend dismissing both claims against Defendant Alsalman for acts on or after April 6, 2015, and October 17, 2014, through April 5, 2015, without prejudice.

Plaintiff has not filed a response, but the time to respond has now passed. Moreover, the Court would recommend sua sponte dismissal under 28 U.S.C. § 1915. The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I.    RECOMMENDATION:

The undersigned recommends that the Motion to Dismiss filed by Defendants Corizon Health, Inc., Mahir Alsalman (limited to acts on or after April 6, 2015 only), and Nicholas L. Springstead [15] be **GRANTED**. Additionally, the undersigned recommends that the motion to dismiss filed by Defendant Mahir Alsalman concerning Plaintiff's claims falling between October 17, 2014 and April 5, 2015 [18] be **GRANTED**. Therefore, this matter should be dismissed in its entirety. Plaintiff should, however, be granted 30 days to file an Amended Complaint.

## II.    REPORT:

### A.    FACTS AND PROCEDURAL HISTORY

Plaintiff alleges he has severe damage of the neck and cervical spine, severe multilevel cervical degenerative disease, severe lumbar spinal degenerative disease, loss of 80% of his left arm, and loss of 50% of his right leg due to a 1994 motorcycle accident. (Docket no. 1 at 10.) Plaintiff alleges that he has been waiting since before 2011 for the approval of an MRI required to properly treat his ailments. (*Id.*) Plaintiff additionally alleges that after being approved for medication, Ultram, MDOC staff improperly denied him use of the medication and, instead, provided him with a substitute, Trazadone. (*Id.*) Plaintiff alleges that to date, after several complaints and grievances filed, he is still being denied medication or treatment for his severe chronic pain. (*Id.*)  Plaintiff alleges that Defendants continue to act with deliberate indifference with regard to his chronic pain. (*Id.*)

2

### B.   GOVERNING LAW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must accept all allegations in the complaint as true, construe the complaint in light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).When reviewing a Rule 12(b)(6) motion, the court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

A complaint must allege facts which would state a claim for relief that is plausible on its face; merely alleging conceivable facts will not be sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). Furthermore, the Court does not have to accept as true legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." (*Id.*) In making this decision, a court may apply the following two-part test: (1) "identify pleading that,

because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." (*Id.* at 679.) Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. (*Id.*)

## C.   ANALYSIS

### 1.   Individually Named Defendants

To prevail under § 1983, a plaintiff must show that each defendant was personally involved in, or otherwise authorized, the alleged unconstitutional conduct. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).   Liability under section 1983 may not be predicated on an official's failure to act; instead, it must be based on active unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (1999). A valid claim brought under section 1983 will allege some specific personal wrongdoing on the part of each individual Defendant. *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982).

Plaintiff's complaint fails to allege specific wrongdoing that amounts to unconstitutional conduct on the part of each individual Defendant. Specifically, Plaintiff's Complaint fails to allege specific wrongdoing performed by Alsalman and Springstead.   Throughout his Complaint, Plaintiff makes allegations against "Defendants" generally, or broadly references the allegations in a generalized manner. For example, Plaintiff alleges, "Defendants continue to denie [sic], 'deliberate indifference' to treat Plaintiff and 'Plaintiff has been waiting, prior to 2011 for the approve [sic] M.R.I. required to treat such illness.'" (Docket no. 1 at 4.) Beyond naming the Defendants individually in the "Defendant's Information" section, Plaintiff fails to individually

4

identify Defendants throughout his Complaint. (Docket no. 1 at 1.)

Further, after a thorough reading of Plaintiff's Complaint, it is unclear whether any individually named Defendant was personally involved in Plaintiff's medical treatment or was authorized to make decisions regarding Plaintiff's approval for an MRI or further medical treatment. *(See generally* Docket no. 1.) Plaintiff fails to specify where, when, or in what capacity any Defendant denied his requests for an MRI approval or dispensing of Ultram. Plaintiff's claim should be dismissed with regard to the individual Defendants.

### 2.    Corizon Health, Inc.

Under § 1983, a private entity employed by the state to provide medical services to prison inmates may be sued for constitutional violations committed pursuant to a custom, usage, or official policy. *West v. Atkins*, 487 U.S. 42, 54 (1988). A policy is defined as "a deliberate choice to follow a course of action . . . from among various alternatives" and may result from a decision by policymakers. *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986). A private party may be categorized as a state actor and therefore acting under the color of the law if the party's actions are "fairly attributable to the state." *Revis v. Meldrum*, 489 F.3d 273, 289 (6 th Cir. 2007) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *West*, 487 U.S. at 49. When a medical entity employed by the state provides medical services to state prison inmates, that medical entity acts under color of state law for purposes of § 1983 when undertaking duties in treating prisoners' injuries and such conduct is fairly attributable to the state. *West*, 487 U.S. at 54. Moreover, such an entity cannot be held vicariously liable based solely on a theory of *respondeat superior* or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *see also Starcher v. Correctional Medical Systems, Inc.*, 7 Fed.Appx. 459, 465 (6th Cir. 2001).

5

Here, Plaintiff fails to allege a deprivation of a constitutional right based on any custom, usage, or policy of the MDOC or Corizon. Plaintiff's complaint is devoid of any allegations calling into question the constitutionality of any custom, usage, or policy of MDOC or Corizon. Even accepting as true all of the allegations contained in Plaintiff's Complaint, the undersigned concludes that Plaintiff has failed to state a claim upon which relief may be granted as to Defendant Corizon.

After construing Plaintiff's Complaint liberally and assuming the veracity of Plaintiff's factual allegations, the undersigned finds that Plaintiff's Complaint fails to state a claim for which relief can be granted above the speculative level. Plaintiff's Complaint should be dismissed, but Plaintiff should be afforded an opportunity to amend his pleadings. *See Strayhorn v. Caruso*, No. 11-15216, 2012 WL 4086168, at 2 (E.D. Mich. Sept. 17, 2012) ("The Sixth Circuit held in *Brown* that a district court must give a plaintiff - particularly a pro se plaintiff - the opportunity to amend his or her complaint before dismissing it with prejudice for failing to state a claim upon which relief may be granted." (*Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011)).

### D.   CONCLUSION

The Court should find that Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against Defendants Corizon Health, Inc., Mahir Alsalman, M.D., and Nicholas L. Springstead, P.A. Consequently, Defendants' Motion to Dismiss [15] should be **GRANTED**. Additionally, Plaintiff has failed to specifically name wrongdoings committed by Mahir Alsalman, M.D. in his complaint. Therefore, Defendant Alsalman's Motion to Dismiss [18] should be **GRANTED**. Plaintiff should, however, be given 30 days to amend his Complaint.

### III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and

6

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.   1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 9, 2016                  s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hearby certify that a copy of this Report and Recommendation was served upon Douglas Garren and Counsel of Record on this date.

Dated: June 9 2016                   s/ Lisa C. Bartlett
                                     Case Manager

7