UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS GARREN,

    Plaintiff,

v.

MAHIR ALSALMAN,
NICHOLAS L. SPRINGSTEAD, and
CORIZON HEALTH CARE, P.M.C.,

    Defendants.

Case No.  2:15-cv-11641-LJM-MKM
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**ORDER GRANTING MOTION TO DISMISS [15] AND MOTION TO DISMISS [18]**

    Before the Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation. (R. 19.) At the conclusion of her Report and Recommendation, the Magistrate Judge notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R. 15, PID 139.) No objections have been filed and the time to do so has elapsed.

    In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal" and that "a party shall be informed by the magistrate [judge] that objections must be filed within ten days or further appeal is waived." In *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. Thus, the Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. *See Thomas*, 474 U.S. at 149 (explaining that the Sixth Circuit's waiver-of-appellate-review rule

rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level"); *Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)).

Applying *Walters*, the Court finds that the parties have forfeited further review by failing to file timely objections. True, Plaintiff Douglas Garren may not have received a copy of the Report (the copy of the Report that was mailed to Garren was returned as undeliverable), which could explain his failure to object. But this does not change things. It is Garren's responsibility to provide the Court with his current mailing address and he has not provided the Court with his address following his parole (or other transfer from his prior facility).

Thus, Mahir Alsalman, Corizon Health Care, P.M.C., and Nicholas L. Springstead's Motion to Dismiss (R. 15) is GRANTED and Alsalman's Motion to Dismiss (R. 18) is GRANTED. Garren's claims are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 29, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson